IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


MARY and WESLEY JOHNSON                                          PLAINTIFF

VS.                                       CIVIL ACTION NO.  2:06CV36KS-MTP

DAIMLER CHRYSLER CORPORATION
and MACK GRUBBS MOTORS, INC.                                    DEFENDANTS


## MEMORANDUM OPINION AND ORDER

This cause is before the court on a motion to dismiss filed by defendant Mack Grubbs

Motors, Inc. ("Grubbs").  From its review of all matters made a part of the record of this case as

well as applicable law, and being thus fully advised in the premises, the court FINDS that the

motion is not well taken and should be denied.  The court specifically finds as follows:

### FACTUAL BACKGROUND

On July 18, 2002, plaintiffs Mary and Wesley Johnson purchased a used 1997 Jeep

Grand Cherokee manufactured by Daimler Chrysler Corporation ("Daimler") from Grubbs, a

Daimler-authorized dealer.  Plaintiffs allege that on September 22, 2002, Mrs. Johnson placed

the vehicle in the park position and stood outside while talking to a friend.  The vehicle then

slipped into reverse, causing the open door to knock Mrs. Johnson to the ground.  The left front

wheel of the truck rolled over Mrs. Johnson's left leg, causing substantial bodily injury.  In

September 2002, Daimler issued a recall for certain vehicles, including the Vehicle, to repair a

defect in the "shift deterrent" system.  This system, if not repaired, could allow a vehicle to slip

from the park position into reverse.  Plaintiffs allege that they were not informed of the recall

1

until 2004.  Grubbs alleges that it did not receive notification of the recall until September 2002.

According to records of the National Highway Traffic Safety Administration, submitted by

plaintiffs in response to the motion to dismiss, interim notices regarding the problem with the

Vehicle were sent to owners on March 22, 2002 (before plaintiffs purchased the Vehicle from

Grubbs), and official owner notification began on September 23, 2002.

On or about September 22, 2005, plaintiffs filed a Complaint against Grubbs and Daimler

in the Circuit Court of Marion County, Mississippi.  The Complaint asserts claims against

Daimler of defective design, negligence, failure to warn, and bad faith breach of the implied

covenant of good faith and fair dealing.  The Complaint asserts a claim against Grubbs for bad

faith breach of the implied covenant of good faith and fair dealing.  On or about January 25,

2006, defendants filed a Notice of Removal in this matter pursuant to 28 U.S.C. § 1332.

Plaintiffs did not move to remand nor did they otherwise object to removal.  Grubbs moved to

dismiss the complaint on August 4, 2006.  Plaintiffs have opposed the motion.

<u>STANDARD OF REVIEW</u>

Rule 12(b) of the Federal Rules of Civil Procedure provides:  "If, on a motion asserting

the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief

can be granted, matters outside the pleading are presented to and not excluded by the court, the

motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...".

As both plaintiffs and Grubbs have appended to their briefs matters outside the pleadings which

this court will consider, Grubbs' motion to dismiss will be treated as a motion for summary

judgment.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is to be

2

granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record which it believes demonstrates the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988). The moving party, however, need not negate the elements of the non-movant's case. *See Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) *(citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Once the moving party satisfies its initial burden, the non-movant may not rest on the pleadings, but must identify specific evidence in the ... record demonstrating that there is a material fact issue concerning the essential elements of its case." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (citation omitted); *see also Celotex*, 477 U.S. at 322-23; *Anderson*, 477 U.S. at 257. "The moving party need not support its motion with affidavits or other evidence, but to defeat a motion for summary judgment the nonmovant must present evidence sufficient to establish the existence of each element of his claim as to which he will have the burden of proof at trial." *Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 565 (5th Cir. 1996) (citation omitted).

<u>ANALYSIS</u>

Grubbs argues that it was fraudulently joined in this action because plaintiffs cannot establish a cause of action against it and, therefore, it should be dismissed. Grubbs also argues

3

that because plaintiffs failed to oppose removal to federal court they have essentially conceded fraudulent joinder and that they have no cause of action against Grubbs.  In response, plaintiffs argue that they do not concede fraudulent joinder, but that the reason they did not oppose removal is that they recognized that there was federal question jurisdiction over this case, pursuant to 49 U.S.C. § 30118, which governs automobile recalls and defect notification. Therefore, plaintiffs chose to concede federal jurisdiction for expediency purposes.

In order to establish fraudulent joinder, Grubbs must prove that plaintiff has "no possibility of recovery" against it.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), *cert. denied*, 544 U.S. 992 (2005).  Grubbs argues that it is insulated from liability pursuant to Mississippi statute.  Grubbs bases its argument on Miss. Code Ann. § 11-1-63(h) which provides, in pertinent part, that in product liability actions based on design defects, the seller of the product is not liable unless it "had actual or constructive knowledge of the defective condition of the product at the time he supplied the product.  It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product."  In the Complaint, plaintiffs allege that Grubbs' failure to notify plaintiffs of the recall in a timely manner constitutes bad faith.  The complaint also alleges that the recall was initiated in September 2002, but that plaintiffs were not notified by Grubbs until 2004.  In response to the motion to dismiss, plaintiffs argue that discovery in this case has created a question of fact regarding whether Grubbs either knew or should have known of the recall at the time of the sale of the vehicle, as NHTSA records indicate that Daimler first initiated notice of the defective condition of the vehicle line in question on March 22, 2002 - months before plaintiffs bought the vehicle from Grubbs.  As the above facts could establish that Grubbs had actual or constructive

knowledge of the defect of the vehicle at the time of the sale, Grubbs would not be insulated from liability under Mississippi law.

Next, Grubbs argues that plaintiffs cannot establish a cause of action for bad faith breach of the implied covenant of good faith and fair dealing, the only cause of action asserted against Grubbs in the complaint.  Under Mississippi law, all contracts contain an implied covenant of good faith and fair dealing.  *Ferrara v. Walters*, 919 So. 2d 876, 883 (Miss. 2005), *reh'g denied*, 2006 Miss. LEXIS 73 (Miss. Feb. 2, 2006).  "Good faith is the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party. The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness." *Id.* (*quoting Cenac v. Murray*, 609 So. 2d 1257, 1272 (Miss. 1992)).   Grubbs argues throughout its motion to dismiss that plaintiffs are alleging that Grubbs breached the implied covenant of good faith and fair dealing by failing to warn plaintiffs of the defect *after* the sale, which would not be actionable.  However, the complaint alleges that Grubbs failed to notify plaintiffs in a timely manner, and in its response to the motion to dismiss plaintiffs point out that there are facts that could establish that Grubbs had actual or constructive knowledge of the defect at the time of the sale.  Taking the facts in the light most favorable to plaintiffs, if Grubbs' actual or constructive knowledge of the defect at the time of the vehicle's sale were established, Grubbs' failure to notify the plaintiffs could constitute a bad faith breach of the implied covenant of good faith and fair dealing.

The court therefore finds that Grubbs was not fraudulently joined in this action.  This presents a jurisdictional problem, as plaintiffs are citizens of Mississippi, Daimler is a Delaware corporation with its principal place of business in Michigan, and Grubbs is a Mississippi

5

domestic corporation.  Thus, there is not complete diversity of citizenship of the parties, as required by 28 U.S.C. § 1332.[1]  The only other basis for federal jurisdiction in this case would be federal question jurisdiction under 28 U.S.C. § 1331.  Plaintiffs assert that 49 U.S.C. § 30118 confers federal question jurisdiction on this court.[2]  As Grubbs correctly points out, however, that statute applies only to manufacturers of automobiles, not to sellers.  28 U.S.C. § 1367 provides that courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."  The court finds that plaintiffs' claim against Grubbs is part of the same case or controversy as plaintiffs' federal claim against Daimler, the claim creating federal jurisdiction in this case.  For example, the issue of

---

[1]  The court disagrees with Grubbs' argument that plaintiffs have conceded fraudulent joinder (thereby conceding diversity jurisdiction) by failing to move to remand or otherwise object to the removal.  Parties cannot confer subject matter jurisdiction on federal courts.  Indeed, federal courts can dismiss for lack of subject matter jurisdiction *sua sponte*, at any time during the pendency of the case.  28 U.S.C. § 1447(c) provides:  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded [to state court]."  Moreover, Grubbs argues that plaintiffs' alleged concession of fraudulent joinder was caused by their failure to move to remand or object to removal within the thirty day period set forth in 28 U.S.C. § 1447(c), but that section applies only to motions to remand "on the basis of any defect *other than lack of subject matter jurisdiction*" (emphasis added).

[2]  49 U.S.C. § 30118 requires a vehicle manufacturer to notify the Secretary of Transportation and the owners, purchasers and dealers of vehicles of vehicle defects.  Although plaintiffs do not explicitly cite this statute in their complaint, in order to determine whether federal question jurisdiction exists, the court utilizes the "well-pleaded complaint" rule, under which "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Terrebonne Homecare, Inc. v. SMA Healthcare, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001) (citation omitted).  Count Three of the Complaint, "Failure to Warn," alleges that Daimler failed to warn of the defect as soon as it knew of its existence, thereby causing injury.  This claim implicates 49 U.S.C. § 30118.

when Daimler provided notice to its dealers pursuant to 49 U.S.C. § 30118 bears on the issue of when Grubbs knew of the defect - specifically, whether it knew or should have known of the defect at the time Plaintiffs purchased the vehicle.  Moreover, considerations of judicial economy dictate in favor of this court exercising supplemental jurisdiction over this claim.[3]

IT IS, THEREFORE, ORDERED AND ADJUDGED that Grubbs' motion to dismiss [**# 26**] is denied.

SO ORDERED and ADJUDGED on this, the 4th day of December, 2006.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[3] For these same reasons, the court exercises supplemental jurisdiction over plaintiffs' state law claims against Daimler.